**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            )<br>         Plaintiff, )<br>            )<br>v.          )<br>            )<br>            )<br>            )<br>EDGARDO PEREZ )<br>            )<br>            )<br>         Defendant. )<br>            ) | **CRIMINAL ACTION**<br><br>No. 11-10256-11 |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1) Defendant Edgardo Perez' motion for notice of intent to offer Rule 404(b) evidence (Doc. 279);

2) Defendant's motion for discovery (Doc. 280);

3) Defendant's motion in limine (Doc. 281); and

4) Defendant's motion for a separate trial (Doc. 282).

The United States has responded to all motions. (Docs. 294, 295, 296, 297).

**I.   Facts**

On November 8, 2011, the grand jury returned an indictment against defendant and thirteen additional co-defendants.[1] (Doc. 1). On January 10, 2012, the grand jury returned a superceding indictment against defendants. The superceding indictment contains twenty-one counts, including six charges of conspiracy and eleven charges of

---

[1] One defendant is currently a fugitive. Ten defendants have entered guilty pleas. Heriberto Gurrola and Edgardo Perez are the remaining defendants and currently are set for trial on March 5.

possession with the intent to distribute. Defendant is charged in count seventeen of the superceding indictment with possession of cocaine with the intent to distribute. This offense allegedly occurred between September 19 and September 21, 2010, with co-defendants Alejandro Amparan Mendoza and Juan Arellano Padilla. Although the indictment was returned in November 2011, defendant did not make his initial appearance in this court until November 7, 2012.

**II.  Analysis**

**A.  Request for Notice of Intent to Offer Rule 404b evidence (Doc. 279)**

Defendant moves for a notice of the government's intent to offer Rule 404(b) evidence in its case in chief. The government responds that it has no intention of offering evidence from other, unrelated investigations in this case.

Defendant's motion is therefore moot. (Doc. 279).

**B.  Motion for Discovery (Doc. 280)**

In his motion for discovery, defendant seeks all information relating to the use of a GPS devise to track a Dodge Ram truck in September 2010. The government responds that it has disclosed its evidence pertaining to the use of the GPS trackers in this investigation. The government also indicated that it will provide defendant with a copy of recently obtained records concerning the GPS activity on Padilla's truck.

Defendant's motion is denied as moot. (Doc. 280).

**C.  Motion in Limine (Doc. 281)**

Defendant moves for an order limiting the government from introducing calls made in October 2010. The government responds that

the calls it will introduce at trial occurred prior to October 2010. Defendant's motion is therefore denied as moot. (Doc. 281)

**D. Motion to Sever (Doc. 282)**

Defendant moves to sever his case from co-defendant Gurrola. Gurrola is charged in counts four, eight and nine of the superceding indictment. In count four, Gurrola is charged with a conspiracy to distribute five kilograms of cocaine with co-defendants Alejandro Amparan Mendoza, Juan Arellano Padilla and Carlos Ramirez. Gurrola is again charged in count nine with the same three co-defendants for possession of cocaine with the intent to distribute. In count eight, Gurrola is charged with possession of marijuana with an intent to distribute. In counts eight and nine, the superceding indictment alleges that the events occurred on July 26.

Defendant moves for severance on the basis that a joint trial with Gurrola would be prejudicial to him, there is a risk of an implication of guilty by association and the charges do not have any direct connection. The government contends that both defendant and Gurrola were supplying drugs to Juan Padilla and Alejandro Mendoza. The government further responds that its evidence is applicable to both defendants and will be presented through the same witnesses.

Multiple defendants may be tried together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). If, however, a joint trial "appears to prejudice a defendant, . . . the court may order separate trials of counts [or] sever the defendants' trials." Fed. R. Crim. P. 14(a). Joint trials of defendants who are charged together are preferred

because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." United States v. Hall, 473 F.3d 1295, 1301 (10th Cir. 2007) (quotation omitted). Severance is discretionary and should be granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 1302 (quotation omitted).

While Perez and Gurrola may have been indicted with the same co-defendants, they are not indicted together in a single count. Perez is charged with a single count of possession with the intent to distribute which allegedly occurred on September 19, 2010. Gurrola, on the other hand, is charged with conspiracy. Gurrola is also charged with distribution counts which allegedly occurred on July 26, 2010. The trial of both co-defendants may include the same witnesses but they are distinct counts occurring on separate dates. Other than sharing the same clients, i.e. Padilla and Mendoza, their conduct does not appear to overlap. Moreover, the inclusion of Perez in Gurrola's trial may result in prejudice as the jurors would hear a significant amount of testimony concerning the conspiracy count. See United States v. Donaway, 447 F.2d 940, 943 (9th Cir. 1971) (holding district court abused its discretion by failing to sever defendant's trial when most of government's case-in-chief involved other defendants who were charged in a conspiracy).

Therefore, defendant's motion to sever is granted. (Doc. 282). The court declines, however, to move the current trial setting of March 5. In the event that Gurrola does not proceed to trial on March

-4-

5, the court will proceed with Perez' trial on that date. If Gurrola proceeds to trial on March 5, the court will reset Perez' trial date.

**III. Conclusion**

Defendant's motion for notice of intent to offer Rule 404(b) evidence (Doc. 279) is moot. Defendant's motion for discovery (Doc. 280) is denied as moot. Defendant's motion in limine (Doc. 281) is denied as moot. Defendant's motion for a separate trial is granted. (Doc. 282).

IT IS SO ORDERED.

Dated this 12th day of February 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE