**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDGARDO PEREZ, )<br>)<br>Defendant. )<br>_____ ) | **CRIMINAL ACTION**<br><br>No. 11-10256-11 |

**MEMORANDUM AND ORDER**

This case is before the court on a sentencing issue. The court has considered the parties' sentencing memoranda (Docs. 324, 326) and on July 1, 2013, the court held an evidentiary hearing.

In Count 17 of First Superseding Indictment (Doc. 79), defendant, along with three other individuals, was charged with possession with intent to distribute approximately 6 kilograms of cocaine. The indictment alleged that the offense occurred beginning on or about September 19, 2010 and continuing through September 21, 2010.

Eventually a plea was negotiated and defendant pled guilty to a one-count Information (Doc. 308) charging that on or about September 18, 2010, he used a telephone to commit the offenses of conspiracy to distribute, conspiracy to possess with intent to distribute, possession with intent to distribute, distribution of controlled substances and attempt to do so all in violation of 21 U.S.C. § 843(b).

Defendant entered into a plea agreement which set forth the following factual basis:

> On September 18,2010, the defendant, Edgardo Perez, used a communication facility (a cellular telephone) to place a phone call to co-defendant Juan Padilla (referred to as Call #1162 on phone 816-596-2157). Mr. Padilla was in Wichita, Kansas, at the time that he (Mr. Padilla) received the call.
>
> At that time, the defendant and Mr. Padilla engaged in a conversation during which the men planned the defendant's trip to Kansas in order to purchase a truck. The truck was connected to Mr. Padilla's drug trafficking activities. The defendant admits that the purchase of the truck by the defendant would have facilitated Mr. Padilla's drug trafficking activities.
>
> The defendant admits that he has learned the Mr. Padilla's drug trafficking activities constitute felony drug offenses pursuant to Title 21 of the United States Code.

(Doc. 310).

The plea agreement also provided that the sentencing guidelines would be utilized to determine the advisory guideline range but that ". . . the parties advised the court that each will make a recommendation at the time of sentencing that each party believes is appropriate and warranted under the facts and circumstances of the case, and 18 U.S.C. § 3553." The government agreed to recommend that the quantity of cocaine used to determine the guideline range would be between 2 and 3½ kilograms. Finally, the plea agreement contained boilerplate language regarding relevant conduct and defendant's understanding that ". . . conduct charged in any dismissed counts of the indictment may be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count One, in accordance with United States Sentencing Guidelines (U.S.S.G.) § IB1.3." However, defendant was not charged in any other count in the First Superseding Indictment. Nor, as it turned out, was there <u>any</u> relevant conduct.

-2-

When the presentence report was prepared, the base offense level was calculated using § 2D1.6 of the guidelines. The PSR stated, in pertinent part:

> The defendant is believed to have been involved with approximately 6 kilograms of cocaine between September 19, 2010 and September 20, 2010. The government believes the defendant is responsible for 2 to 3½ kilograms of cocaine. Application Note 5 of USSG §2D1.1 states that where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. Therefore, using a conservative estimate, the defendant is being held accountable for distributing at last 3 kilograms of cocaine. As such, a base offense level of 28 is established. USSG §2D1.1(c)(6).

The defendant was given credit for acceptance of responsibility which reduced his total offense level to 25. There was no relevant conduct enhancement. Applying defendant's criminal history category I, his guideline sentence in the PSR was 57-71 months, well above the statutory cap of 48 months.

Defendant objected to the probation officer's calculation of the base offense level. Summarized, defendant objected to any amount of cocaine being considered for purposes of calculating the base offense level but he offered no suggestion as to how a base offense level should be calculated using the methodology of the guidelines. Thereafter, however, in his sentencing memorandum, defendant suggested that a base offense level of 12 be applied using the Application Note to §2D1.6. Giving defendant credit for acceptance of responsibility reduced the base offense level to 10 resulting in a 6-12 month guideline sentence. Since defendant is an illegal alien and has been in pretrial custody since July 18, 2012, defendant's calculation effectively would result in a time-served sentence.

The government responded that it would present evidence that defendant conspired to distribute at least 3½ kilograms of cocaine which would justify imposition of the maximum 48 month sentence.

At the hearing, the government called DEA Task Force Officer Kevin Real who testified regarding authorized wiretap intercepts beginning on July 25, 2010 and continuing through September 21, 2010 (Gov. Ex. 1). He identified defendant as a participant in some, but not all, of the calls. The calls reflect the typical language used by drug traffickers to attempt to disguise the type, the price and the quantity of the drug involved. To the extent the conversations relate to drug quantity, the amount is always "six." The call specifically relating to the charge in the Information, September 18, 2010 (Call #01162) contains no reference to drugs. None of the intercepted conversations make reference to drug quantities of 2-3½ kilograms of cocaine.

Applying §2D1.6, which the government and the defendant agree is applicable to the evidence produced at the hearing, the court could find the amount of cocaine to be six kilograms. However, the government is bound by the plea agreement to recommend 2-3½ kilograms and there is no evidence before the court of that amount, or any amount other than 6. Of course, either amount (6 or 2-3½ kilograms) would result in a guideline range above the maximum statutory sentence. Because the government has not offered proof of its recommended 2-3½ kilograms, the court sustains defendant's objection and finds that the base offense level is 12 minus 2 for acceptance of responsibility yielding a total offense level of 10. Applying defendant's criminal history category of I, the court intends to

impose a respectfully-considered guideline sentence of 12 months which, in practicality, will result in a time-served sentence. The court also finds that this is an appropriate sentence considering the factors set out in 18 U.S.C. § 3553(a).

Final sentencing will be July 15, 2013 at 11:15 a.m. If defendant wants to make argument with respect to his other objections, he may do so but they appear to be moot.

IT IS SO ORDERED.

Dated this __10th__ day of July 2013, at Wichita, Kansas.

s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE